| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC** | **LAW OFFICE OF DANIEL G. SHAY** |
| Abbas Kazerounian, Esq. (249203) | Daniel G. Shay, Esq. (250548) |
| ak@kazlg.com | danielshay@tcpafdcpa.com |
| Elizabeth Wagner, Esq. (317098) | 409 Camino Del Rio South, Ste 101B |
| elizabeth@kazlg.com | San Diego, CA 92108 |
| 245 Fischer Avenue, Unit D1 | Telephone: (619) 222-7429 |
| Costa Mesa, CA 92626 | Facsimile: (866) 431-3292 |
| Telephone: (800) 400-6808 | |
| Facsimile: (800) 520-5523 | |

**HYDE & SWIGART, APC**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (3076499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Ste 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*
Taneesha Crooks

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANEESHA CROOKS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. f/k/a WACHOVIA BANK, N.A.,<br><br>Defendant. | Case No.: <u>'18CV0219 DMS JLB</u><br><br><u>CLASS ACTION</u><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. TANEESHA CROOKS ("Plaintiff"), by Plaintiff's attorneys, brings this class action complaint to challenge the actions of WELLS FARGO BANK, N.A., f/k/a WACHOVIA BANK, N.A. ("Defendant") with regard to Defendant's unauthorized and unlawful credit inquiry.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of California.

CLASS ACTION COMPLAINT

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report[s]" as that term is defined by 15 U.S.C. 1681a(d)(1).

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331..

10. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").

11. Because Defendant is a corporation headquartered in the State of California and conducting business in California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) because Defendant, at all times herein mentioned, was doing business in the County of San Diego, State of California.  Further, venue is proper in this district because Plaintiff resides and resided in this district at all times herein mentioned such that a substantial part of the events giving rise to the claim occurred in this district.

## PARTIES

13. Plaintiff is a natural person who resides in the County of San Diego, State of California, whose credit report(s) were affected by at least one unauthorized inquiry by Defendant.  In addition, Plaintiff is a "consumer[s]" as that term is defined by 15 U.S.C. § 1681a(c).

CLASS ACTION COMPLAINT

3

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a national bank with its principal place of business in California and State of Incorporation in the State of Delaware.

15. Plaintiff is informed and believes, and thereon allege, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

## STATUTORY BACKGROUND

16. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

17. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

18. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

19. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

20. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

21. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A)-(F).

**FACTUAL ALLEGATIONS**

22. In or around 2006, Plaintiff purchased a Nissan Armada, receiving financing for said purchase through Defendant ("the Debt").

23. Subsequently, Plaintiff filed for bankruptcy on October 20, 2016.

24. Plaintiff's debt to Defendant was included in said bankruptcy petition.

25. Plaintiff received a discharge order pursuant to 11 U.S.C. § 727 on January 18, 2017.

26. As such, the Debt was officially discharged through Plaintiff's Bankruptcy.

27. Notice by electronic servicing was sent to Defendant on January 20, 2017.

28. Defendant did not file any proceedings to declare its Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

29. Defendant also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any personal liability for any of the underlying Debt.

30. Accordingly, Plaintiff's Debt to Defendant was discharged through Bankruptcy.

31. Plaintiff did not conduct any business nor incur any additional financial obligations with Defendant since the date of the discharge of this bankruptcy.

32. Upon review of Plaintiff's Equifax credit report dated March 22, 2017, Plaintiff discovered that on or about March, 7, 2017, two months after the

CLASS ACTION COMPLAINT
5

discharge, Defendant submitted an unauthorized account review credit report inquiry to Equifax.

33. Plaintiff did not request or apply for credit with Defendant after her bankruptcy.

34. Defendant's inquiry on March 7, 2017 was unauthorized and illegal. After Plaintiff received the above referenced discharged order, Plaintiff no longer held an account with Defendant.

```
AR-Wachovia Bank                                                  03/07/2017
301 S. Tyron St.  Charlotte, NC 28288-0001  Phone: (800) 922-4684
```

35. Further, Defendant was on notice of Plaintiff's discharge and thus, had no reason to pull Plaintiff's credit report.

36. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

37. Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

38. Through this conduct of making an unauthorized consumer report inquiry regarding Plaintiff, Defendant violated 15 U.S.C. § 1681b by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

40. Plaintiff represents, and is a member of the Class, consisting of:

> All persons with an address within the United States whose consumer credit report was obtained by Defendant within the past five (5) years from any of

the three major credit reporting agencies (Transunion, Equifax, and Experian), where: (i) the debt of the account had been discharged in bankruptcy; (ii) the account was closed with a zero balance; or (iii) the account had been sold or transferred to a third party.

41. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

42. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

43. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 *et seq*. Plaintiff and the Class members were damaged thereby.

44. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

45. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

46. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law

and fact to the Class predominate over questions which may affect individual Class members, including the following:

  a. Whether, within the five years prior to the filing of this Complaint, Defendant or its agents submitted any consumer credit report inquiries without the consent of members of the Class;
  b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations;
  c. Whether Plaintiff and the Class members are entitled to statutory damages as a result of Defendant's conduct;
  d. Whether Plaintiff and the Class members are entitled to injunctive relief;
  e. Whether Plaintiff and the Class members are entitled to an award of reasonable attorneys' fees and costs;
  f. Whether Plaintiff will fairly and adequately protect the interest of the Class; and,
  g. Whether Plaintiff's counsel will fairly and adequately protect the interest of the Class.

47. As a person that suffered an unauthorized consumer credit report inquiry by Defendant on her credit report(s), Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

48. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size

of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

49. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

50. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

51. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681-1692x (FCRA)

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

54. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to statutory damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

55. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members,

pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

## PRAYER FOR RELIEF

56. Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff are proper Class representatives, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;
- Special, general, compensatory and punitive damages;
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and,
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

57. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 30, 2018

Respectfully submitted,
**KAZEROUNI LAW GROUP, APC**

By: s/ Abbas Kazerounian, Esq.
Abbas Kazerounian, ESQ.
AK@KAZLG.COM
ATTORNEY FOR PLAINTIFF

CLASS ACTION COMPLAINT